# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

|  |  |
|---|---|
| DUZY IOD LLC d/b/a DUZYTV, a Domestic Limited Liability Company,<br><br>    *Plaintiff,*<br><br>  vs.<br><br>BYTEDANCE INC., a Delaware corporation; TIKTOK INC., a California corporation,<br><br>    *Defendants.* | Case No. 2:25-cv-04909-SB-DMKx<br><br>**STIPULATED [~~PROPOSED~~] PROTECTIVE ORDER**<br><br>Judge:      Hon. Stanley Blumenfeld Jr.<br>Courtroom:  6C, 6th Floor |

WHEREAS, Plaintiff Duzy IOD LLC d/b/a DuzyTV ("Duzy" or "Plaintiff") and Defendants Bytedance Inc. and TikTok Inc. (collectively, "Defendants"), hereafter referred to individual as a "Party" and collectively as "the Parties," believe that certain information that is or will be encompassed by discovery demands in the above-captioned case (the "Action") by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary or private information;

WHEREAS, the Parties seek a protective order (the "Order") limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c);

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("DESIGNATED MATERIAL"). DESIGNATED MATERIAL shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE." The words "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed clearly on each page of the DESIGNATED MATERIAL (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the words "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that

attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE."

2.    Any document produced before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY " under this Order, unless and until such document is redesignated to have a different classification under this Order.

3.    With respect to documents, information or material designated "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),  subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.  All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIAL, as well as any testimony, conversations, or presentations by Parties or their counsel that might reveal any DESIGNATED MATERIAL, shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.    A designation of DESIGNATED MATERIAL (i.e., "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time.  Production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any Party that produces DESIGNATED MATERIAL without

designating it as DESIGNATED MATERIAL may request destruction of that DESIGNATED MATERIAL by notifying the receiving Party, as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement DESIGNATED MATERIAL that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced DESIGNATED MATERIAL and any documents, information or material derived from or based thereon within seven (7) calendar days and certify in writing of such to the producing Party.

5.    "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party, upon order of the Court, or as set forth in paragraph 12 herein:

(a)    outside counsel of record in this Action for the Parties;

(b)    employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)    in-house counsel for the Parties and patent professionals who are employed by the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action, provided that such in-house counsel or patent professionals do not exercise any competitive decision-making authority on behalf of their employer and any subsidiaries or affiliates;

(d)    up to and including three (3) current or former officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Undertaking of Experts or Consultants Regarding Protective Order," hereafter "the Undertaking" (attached as Appendix A hereto);

(e)    outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party, and not anticipated to become employees or affiliates at the time of retention) retained for the purpose of this Action, provided that: (1) such

consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least five (5) business days before access to the DESIGNATED MATERIAL is to be given to that consultant or expert.  If the producing Party objects to the Undertaking, the producing Party must notify the receiving Party in writing that it objects to disclosure of DESIGNATED MATERIAL to the consultant or expert no later than five (5) business days from receipt of the completed Undertaking and current curriculum vitae. The Parties agree to promptly confer and use good faith to resolve any such objection.  If the Parties are unable to resolve such objection, the objecting Party may file a motion with the Court within five (5) business days of the date of the written notice of the producing Party's objections, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(f)   independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(g)   the Court and its personnel.

6.   A Party shall designate documents, information or material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" only upon a reasonable belief that the documents, information or material contains confidential or proprietary or private information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.   DESIGNATED MATERIAL shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.   To the extent a producing Party believes that certain DESIGNATED MATERIAL qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such DESIGNATED MATERIAL "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or to the extent such DESIGNATED MATERIAL includes computer source code ("Source Code Material"), the producing Party may designate such DESIGNATED MATERIAL as "RESTRICTED CONFIDENTIAL SOURCE CODE."

9.   For DESIGNATED MATERIAL designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, access to, and disclosure of, such DESIGNATED MATERIAL shall be limited to individuals listed in paragraphs 5(a-c) and (e-g); provided, however, that access by in-house counsel pursuant to paragraph 5(c) be limited to in-house counsel who exercise no competitive decision-making authority on behalf of their employer and any subsidiaries or affiliates.

10.   For DESIGNATED MATERIAL designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

(a)   Access to a Party's Source Code Material shall be provided only on a "stand-alone" computer (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The stand-alone computer shall include a working keyboard, mouse, and monitor. The stand-alone

computer may only be located in secure rooms at the TikTok Transparency Center located at 5800 Bristol Parkway C3 Culver City, Los Angeles, CA 90230 (the "Source Code Room"). Neither the receiving Party's outside counsel nor its outside consultants or experts may connect any device to the stand-alone computer(s) nor may any of these individuals take any electronic input/output device, any recording or imaging device, or any device that can access the Internet or any other network or external system, into the Source Code Room;

(b)   The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer to normal business hours, which for purposes of this paragraph shall be 10:30 a.m. through 6:30 p.m. However, upon reasonable notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the Source Code Room outside of the normal business hours.  After the producing Party has given notice that Source Code Material is available for inspection, the receiving Party must give ten (10) business days' notice prior to its first inspection, and in that notice identify the names of the individuals attending the inspection, the dates of inspection, and any software requested under paragraph 10(c). Subsequent requests for inspection only require five (5) business days' notice;

(c)   At least seven (7) business days in advance of the date upon which the receiving Party wishes to access the Source Code Room, the receiving Party shall identify licensed software tools it wishes to have installed and made available for use on the stand-alone computer(s). Absent a separate Court order to the contrary which requires demonstration of good cause, such software tools shall not include compilers or other programs that can execute source code. The producing Party will make reasonable attempts to install the requested tools provided that: 1) there is an appropriate license to such a software tool, to be provided by the receiving Party; 2) such tools are reasonably necessary for the receiving Party's review; and 3) the receiving Party provides the producing Party with the CD, DVD, file path, or

Advanced Package Tool package containing such licensed software tool(s) at least five (5) business days in advance of the inspection so the producing Party can make sure they do not contain viruses or otherwise cause any issues. Any costs associated with acquiring licenses to request software tools shall be borne by the receiving Party. The producing Party will make reasonable attempts to install the requested software but will not be held responsible for the proper setup, functioning, or support of any software requested by the receiving Party. In the event that there are issues concerning the installation or use of such tools, the Parties, and their technical staff, shall meet and confer promptly to resolve such issues;

(d)   No electronic devices are permitted in the Source Code Room, including laptops, floppy drives, zip drives, cellular telephones, personal digital assistants, tablets, smartwatches, cameras, voice recorders, telephone jacks or other hardware. Photograph or electronic reproduction/transmission of contents displayed on the stand-alone computer(s) are prohibited. Handwritten notes relating to the Source Code Material may be taken only in spiral or otherwise permanently bound notebooks. However, the Source Code Material may not be copied into notes taken by the reviewing Party or a representative thereof. The reviewing Party or a representative may identify Source Code Material through the handwritten notes that reviewing Party wants printed and produced by full file path, file name and line range of relevant Source Code Material. Notwithstanding this provision, file name and location (i.e., directory path), as well as names of functions, data structures, or the like, may be copied into notes taken by the reviewing Party or a representative thereof. The producing Party may visually monitor the activities of the reviewing Party's representatives during any review, but only to ensure that no unauthorized electronic records of the Source Code Material and no information concerning the Source Code Material are being transmitted in violation of these restrictions.

(e)   The producing Party will collect any electronically printed versions of the Source Code Material created in Adobe Acrobat (or other software of similar

PROTECTIVE ORDER
No. 2:25-cv-04909-SB-DMKx

functionality as the producing Party may provide), and Bates number, copy, and label them "RESTRICTED CONFIDENTIAL SOURCE CODE." Within ten (10) business days, the producing Party must either (1) deliver one (1) set of such pages to one office of the reviewing Party's outside counsel; or (2) provide notice that the printed portions are not within the limits of section 10 of this Protective Order;

(f)     The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer in order to access the produced Source Code Material on the stand-alone computer;

(g)     The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above

(h)     Access to DESIGNATED MATERIAL designated RESTRICTED CONFIDENTIAL SOURCE CODE shall be limited to outside counsel and up to three (3) outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party, and not anticipated to become such employees or affiliates at the time of retention) retained for the purpose of this Action and approved to access such DESIGNATED MATERIAL pursuant to paragraph 5(e) above. A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that documents containing such Source Code Material are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(i)     To the extent portions of Source Code Material are quoted in a document ("Source Code Document"), the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(j)     Except as set forth in this paragraph and paragraph 10(h) above, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create infringement contentions, expert

reports, or documents filed with the Court, or any other document by agreement of the Parties;

(k) The receiving Party shall be permitted to make up to 150 pages of printouts of Source Code Material, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE." The receiving Party should identify the Source Code Material the receiving Party wants to request for printing by specifying the relevant full file paths, file names, and file line number in a written request to the producing Party. Print requests shall not exceed five (5) consecutive pages per file. Printouts or photocopies shall be mailed within fifteen (15) business days from when they were requested by the receiving Party. The receiving Party is not permitted to make printouts or photocopies of the Source Code Material unless ordered by the Court, nor is the receiving Party permitted to convert any printouts or photocopies of the Source Code Material to electronic form. The receiving Party is further not permitted to transport any Source Code Material printouts outside of the U.S. without advanced written approval from the producing Party, which approval shall not unreasonably be withheld;

(l) Should such printouts or photocopies be transferred back to electronic media pursuant to paragraph 10(h) or 10(k), such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

(m) If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the U.S. offices of such outside counsel, consultants, or experts that applies standard industry practices regarding data security, including but not limited to application of auditable access control rights to those persons entitled to access Source Code Material under this Order. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s)

-10-
PROTECTIVE ORDER
No. 2:25-cv-04909-SB-DMKx

relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition); and

(n)    A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(h) above to another person authorized under paragraph 10(h) above, on paper via hand carry, Federal Express or other similarly reliable courier, with tracking abilities. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet, except infringement contentions, expert reports, or documents filed with the Court which contain Source Code Material may be emailed among or between individuals permitted to access such Source Code Material.

11.    Any attorney representing Plaintiff, whether in-house or outside counsel, and any person associated with Plaintiff and permitted to receive Defendants' DESIGNATED MATERIAL that is designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and/or "RESTRICTED CONFIDENTIAL SOURCE CODE" (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Defendants' HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of Plaintiff or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals. For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, or otherwise affecting the scope or maintenance of patent claims on behalf of the patent owner (for example, drafting or amending patent claims during original prosecution, reissue,

-11-
PROTECTIVE ORDER
No. 2:25-cv-04909-SB-DMKx

*inter partes* review, and reexamination proceedings). To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic agency (including, but not limited to, reexamination, post-grant review and *inter partes* review). Notwithstanding anything to the contrary in this section, counsel will also not be precluded from representing a patent owner before a domestic agency (including, but not limited to, reexamination, post-grant review, and *inter partes* review), including arguing on behalf of a patent owner to uphold issued claims and arguing claim interpretation issues that might arise during such proceedings, provided that such counsel does not directly or indirectly participate or assist in the drafting or amending of patent claims during the proceedings. To ensure compliance with the purpose of this provision, Plaintiff shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of Plaintiff or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patents-in-suit.

12. Pursuant to Federal Rule of Evidence 502(d), the disclosure or production of any information subject to the attorney-client privilege and/or attorney work product doctrine ("Protected Information"), as well as the production of Protected Information without an appropriate designation of privilege, in this case shall not be deemed a waiver or impairment of any claim of privilege or protection in this case or in any other federal or state proceeding, including, but not limited to, the attorney-client privilege, the protection afforded to work product materials, statutory privileges and protections, or the subject matter thereof, as to the produced document and any related material. The Parties agree that this section supersedes Federal Rule of Evidence 502(b). The following also applies:

(a) The producing Party must notify the receiving Party within thirty (30) calendar days, in writing, upon discovery that Protected Information has been

produced. This "Clawback Notice" shall sufficiently identify the Protected Information, for example by referencing the bates range of the produced materials;

(b)    As soon as practicable after providing the Clawback Notice, the producing Party shall provide (i) a new copy of the material (utilizing the same bates number as the original material) with Protected Information redacted (if the producing Party claims that only a portion of the material contains Protected Information), or (ii) if the producing Party claims that the entire material is Protected Information, a slip sheet identifying the same bates number as the original material and noting that the material has been withheld. After the producing Party provides the receiving Party with the Clawback Notice and the replacement material, the producing Party must provide a corresponding privilege log in accordance with the privilege log provisions below within ten (10) business days;

(c)    Upon receipt of a Clawback Notice, all Protected Information, and all copies thereof, shall be immediately destroyed and the receiving Party, including its vendors, consultants, experts, and agents, shall not use such Protected Information for any purpose. The receiving Party, including its vendors, consultants, experts, and agents, shall make a good faith effort to also retrieve and return immediately all copies of the Protected Information (including any excerpts used in analyses, memoranda or notes or portions thereof) in electronic format;

(d)    The receiving Party, including its vendors, consultants, experts, and agents, shall make a good faith effort upon receipt of the Clawback Notice to immediately retrieve and sequester any analyses, memoranda, notes or portions thereof that were internally generated and contain or were based upon the item(s) listed in the Clawback Notice.

(e)    If, during a deposition, a producing Party claims that a document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) contains Protected Information, the producing Party may either (a) instruct the witness not to answer questions concerning the parts of the

-13-

document containing Protected Information; or (b) object to the use of the document at the deposition to the extent the entire document is Protected Information, in which case no testimony may be taken relating to the document during the deposition until the matter is resolved by agreement or by the Court. If the producing Party allows the examination concerning the document to proceed consistent with this paragraph, all Parties shall sequester all copies of the produced document. As to any document deemed to be Protected Information or any testimony related to Protected Information, the Producing Party shall serve a Clawback Notice within ten (10) business days of the delivery of the final transcript;

(f)   If the producing Party instructs the witness not to answer or provide testimony in accordance with section 12, which is later determined not to be privileged or protected, the producing Party will remedy the lost opportunity to obtain discovery, by way of reopened deposition or such other means to which the Parties may agree, following meet and confer efforts. At the meet and confer, the Parties must discuss whether another deposition is genuinely necessary and (if so) what the proper scope, length, and subject matter of the resumed deposition is. Any resumed deposition must be proportional to the subject matter as to which the producing Party asserted privilege and/or work product protection. If the Parties cannot come to an agreement, they will submit that dispute to the Court;

(g)   To the extent any Party is aware that it has obtained Protected Information, has received a Clawback Notice, or it is reasonably apparent that the Party has obtained Protected Information through production, disclosure, or communication, such material or information may not be submitted to the Court (except as contemplated in this Order), presented for admission into evidence, or sought in discovery in this Action or in any other proceeding or action; and

(h)   This section 12 does not preclude a party from voluntarily waiving any claims of privilege or protection.

-14-
PROTECTIVE ORDER
No. 2:25-cv-04909-SB-DMKx

13. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

14. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this Action; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless express, written prior authorization is obtained from counsel representing the producing Party or from the Court.

15. Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

16. The Parties may, at the deposition or hearing or within thirty (30) calendar days after receipt of a final deposition or hearing transcript, designate the deposition

-15-
PROTECTIVE ORDER
No. 2:25-cv-04909-SB-DMKx

or hearing transcript or any portion thereof as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Prior to designation by a Party and until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "CONFIDENTIAL" in accordance with this Order.

17. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing Party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption of the filing and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on DESIGNATED MATERIAL, such confidential portions shall be redacted to the extent necessary, and the pleading or exhibit filed publicly with the Court.

18. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

19. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) business days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally

PROTECTIVE ORDER
No. 2:25-cv-04909-SB-DMKx

as a motion to compel pursuant to Federal Rule of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

20.    Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

21.    To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order. Any Party issuing a discovery request to a Third Party shall enclose a copy of this Order.

22.    To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

23.    No later than fifteen (15) business days after a Party's receipt of written responses and/or disclosures provided or produced by a Third Party in response to a

-17-
PROTECTIVE ORDER
No. 2:25-cv-04909-SB-DMKx

subpoena issued in connection with the Action, including written responses and objections and written meet and confer correspondence, and any court filings related to the subpoena, that receiving Party must make copies of such written response and/or disclosure available to all other Parties. In case a Party wishes to designate such material as DESIGNATED MATERIAL, the Party shall so notify all Parties in writing. During the next thirty (30) calendar days after the materials have been provided to all Parties, each Party shall have an opportunity to designate some or all of those materials. During this 30-day window, all materials produced in response to the subpoena shall be treated as "CONFIDENTIAL" in accordance with this Order.

24. Within ninety (90) calendar days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

25. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

26. Any Party knowing or believing that any other Party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing Party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to

be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

27.   Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

28.   The Parties agree that any documents, electronically stored information ("ESI"), or other materials produced or exchanged in the course of this Action, including but not limited to those designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" under this Order, shall not be used, in whole or in part, for prompts (inputs), completions (outputs), or embeddings that are used to train, improve, re-train, or otherwise develop any artificial intelligence, foundation model, or large language model (collectively "AI Models"). This prohibition applies regardless of whether the AI Models are proprietary, open-source, or provided by a third party, and regardless of whether the use is for commercial, research, or any other purpose. The Parties further agree to take reasonable steps to ensure that their employees, counsel, agents, consultants, contractors, and any other persons or entities who may have access to such materials comply with this provision. Any violation of this provision may be addressed by the Court through appropriate remedies, including but not limited to sanctions.

29.   Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

30.   The restrictions on the use of DESIGNATED MATERIAL established pursuant to this Order do not apply to the designating Party. A designating Party is

-19-

free to do whatever it desires with its own DESIGNATED MATERIAL, provided that any dissemination of the material by the designating Party may lead to the loss of that information's confidentiality designation.

31.    Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

Dated: June 18, 2026

By: /s/ Jeremy J. Taylor
Jeremy J. Taylor (SBN 249075)
jeremy.taylor@bakerbotts.com
Bradley Shigezawa (SBN 336917)
bradley.shigezawa@bakerbotts.com
BAKER BOTTS L.L.P.
101 California Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 291-6200
Fax: (415) 291-6300

Chao "Wendy" Wang
wendy.wang@bakerbotts.com
BAKER BOTTS L.L.P.
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304
Tel: (650) 739-7500
Fax: (650) 739-7614

Theodore W. Chandler (SBN 219456)
ted.chandler@bakerbotts.com
BAKER BOTTS L.L.P.
1801 Century Park East, Suite 2400
Los Angeles, California 90067
Tel: (213) 202-5702
Fax: (213) 202-5732

Robert Maier (*pro hac vice*)
robert.maier@bakerbotts.com
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112
Tel: (212) 408-2538
Fax: (212) 259-2538

*Attorneys for Defendants Bytedance Inc. and TikTok Inc.*

Dated: June 18, 2026

By: /s/ Cook Alciati
Cook Alciati (*pro hac vice*)
Email: calciati@ga-iplaw.com
Alexis L. Ritzer (*pro hac vice*)
Email: aritzer@ga-iplaw.com
GARDELLA ALCIATI
80 M Street SE, 1st Floor
Washington, DC 20003
Telephone: (703) 721-8379
Facsimile: (703) 740-4541

Stephen M. Lobbin (SBN 181195)
Email: sml@smlavvocati.com
SML Avvocati P.C.
969 Hilgard Avenue, Suite 1012
Los Angeles, CA 90024
Telephone: (949) 636-1391

*Counsel for Plaintiff*

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filing party hereby attests that all signatories listed, and on whose behalf the filing is submitted, concur in this filing's content and have authorized this filing.

/s/ Cook Alciati

Cook Alciati

-21-
PROTECTIVE ORDER
No. 2:25-cv-04909-SB-DMKx

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: July 8, 2026

_____
Hon. Diana M. Kwok
United States Magistrate Judge

-22-
PROTECTIVE ORDER
No. 2:25-cv-04909-SB-DMKx

**APPENDIX A**

**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

|  |  |
|---|---|
| DUZY IOD LLC d/b/a DUZYTV, a Domestic Limited Liability Company, <br><br> *Plaintiff,* <br><br> vs. <br><br> BYTEDANCE INC., a Delaware Corporation; TIKTOK INC., a California corporation, <br><br> *Defendants.* | Case No. 2:25-cv-04909-SB-DMKx <br><br> Judge:      Hon. Stanley Blumenfeld Jr. <br> Courtroom:  6C, 6th Floor |

I, _____, declare that:

1.  My address is _____.

My current employer is _____.

My current occupation is _____.

2.  I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3.  I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

-23-
PROTECTIVE ORDER
No. 2:25-cv-04909-SB-DMKx

ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4. Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the Party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this Action.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature _____

-24-

PROTECTIVE ORDER
No. 2:25-cv-04909-SB-DMKx